## Charles J. Whitney and another v. Daniel McConnell and another.

*Conditional sale : Bailment : Removal.* A contract for the conditional sale of a piano upon the payment of the purchase price in installments, which provides that the piano shall remain the property of the vendors until the full amount shall be paid, and that it shall in the meantime remain at the residence of the vendee at a place specified unless the written assent of the vendors is given to move the same, creates a bailment in the vendee: and the condition against removal is a valid one.—*Couse v. Tregent, 11 Mich., 65.*

*Replevin:* *Demand:* *Tortious taking.* The transfer of the property to another city, and there pawning it for money borrowed by the vendee, is a direct violation of his duty as bailee which makes him a wrong-doer; and the vendors may bring replevin against such pawnee without making a previous demand, as his possession originated in a tortious taking.—*Trudo v. Anderson, 10 Mich., 357.*

Submitted on briefs January 13. Decided January 27.

Case made from Kent Circuit.

*Messmore, Corbitt & Clay,* for plaintiffs.

*L. Bement* and *A. T. McReynolds,* for defendants.

CAMPBELL, J.

Plaintiffs replevied a piano from defendants under the following circumstances: In December, 1871, plaintiffs made an executory bargain for the sale to John Eastman of Muskegon, of the piano in question for four hundred dollars, payable in installments of twenty dollars every thirty days. The contract contained this clause: "It being expressly understood that the said piano remains the property of the said Whitney & Company, until the full amount, as herein agreed, shall be paid, and that it shall remain at the residence of the said John Eastman at Muskegon, unless the written assent of said Whitney & Company is given to move the same."

Then followed some independent conditions of forfeiture for non-payment, which are not important in this case.

In April, 1872, Eastman went to defendant Daniel McConnell, who was a pawn-broker at Grand Rapids, and wanted to borrow money on the piano, which he represented as his own and free from encumbrance. McConnell examined the city records of Grand Rapids, and found no record of any encumbrance there. He then advanced fifty dollars on it, and received possession, and the piano was found in defendants' house, and replevied without demand. Upon these facts the circuit court gave judgment for defendants.

The case is like, in its important features, to that of

*Couse v. Tregent, 11 Mich. R., 65,* which has been followed in several cases since. The contract created a bailment in Eastman, and the condition against removal was not only valid but necessary to secure the vendors from just such transactions as occurred here. The transfer and removal into the custody of defendants was a direct violation of his duty as bailee which made him a wrong-doer. Under such circumstances no demand was necessary, as the possession originated in a tortious taking.—*Trudo v. Anderson, 10 Mich., 357.*

Judgment must be reversed, and a new judgment entered in this court in favor of plaintiffs with one dollar damages, and costs of both courts.

COOLEY, J., and GRAVES, CH. J., concurred.

CHRISTIANCY, J., did not sit in this case.