JOSEPH A. CARL v. DENNIS McGONIGAL.

*Replevin—Demand.*

Demand before bringing replevin is unnecessary where defendant has deliberately obtained the goods by a fraudulent promise to pay for them which he did not mean to perform.

Error to Clinton. (V. H. Smith, J.) Nov. 17.—Nov. 19.

REPLEVIN. Plaintiff brings error. Reversed.

*Cook & Daboll* for appellant.

*H. & H. E. Walbridge* for appellee.

SHERWOOD, J. Carl brought replevin in justice's court against the defendant for a cow and seventy-four bushels of corn, filing the usual declaration in replevin. Plea, general issue. On the trial before the justice the plaintiff recovered. The cause was then appealed to the circuit court for the county of Clinton. The cause was again tried before a jury. At the close of the testimony the circuit judge directed a verdict for the defendant, and the plaintiff brings the case here on error.

The record raises but one question in the case needing consideration here. The plaintiff proved no demand for his property before bringing suit. The defendant claimed the property under a contract of purchase, and that he took the property thereunder. The plaintiff, on the contrary, insisted the defendant contracted for the property, agreeing to pay the cash for it; that the contract was, however, only a pretense on the part of the defendant to get possession of the property; that he never intended to pay the plaintiff therefor, and that all that he did and said was only a part of a scheme of deception and fraud by which he intended to deprive the plaintiff of his property and secure possession thereof and never pay for the same; that such intention on the part of the defendant was unknown to the plaintiff until

the defendant had secured possession of his property; and that then the defendant substantially admitted the false pretenses and deception by which he obtained his possession. However this may be, the testimony was very strong, we think, in support of the plaintiff's theory of the case, which, if true, rendered a demand previous to bringing suit wholly unnecessary. *Whitney v. McConnell* 29 Mich. 12. The facts in support of this theory the plaintiff had the right to have submitted to the jury. The circuit judge held otherwise, and in this we think he was in error.

The judgment must be reversed and a new trial granted.

The other Justices concurred.