82   513
95   596
82   513
100   197

## Moses Koch and William Goodhart v. Edwin H. Lyon.

*Fraudulent purchase of goods—Replevin—Demand—Assignment for benefit of creditors—Evidence.*

1. Replevin lies for goods fraudulently obtained by a vendee who has made an assignment for the benefit of his creditors, without demanding the same of the assignee.

2. The rule that an assignor cannot be allowed to invalidate the title of his assignee by his declarations made after the assignment is held not to apply to evidence of the statements and admissions of a debtor, who has made a general assignment for the benefit of his creditors, relating to matters that occurred before, or contemporaneous with, the assignment.

3. In a suit by vendors to recover from the assignee of the vendee goods alleged to have been fraudulently purchased, it was shown that just prior to the assignment the vendee had run a special sale of goods at 50 cents on the dollar, claiming to have just received an extensive consignment of goods from a Boston firm, to whom he gave a chattel mortgage the day before the assignment.   The plaintiffs then called a former clerk of the vendee, who was allowed to testify that only a small pack-

82 Mich.—33.

age of goods was received from the mortgagees during the two months preceding the assignment, which was made on the third day of the succeeding month. And it is held that the evidence was admissible, as, if the goods so sold at half price were those of the plaintiffs instead of the Boston firm, such sale within a month after their purchase would be evidence of fraud in such purchase; and that the evidence also bore remotely on the *bona fides* of the chattel mortgage, when taken in connection with the testimony of the assignor that he did not know how much he owed the mortgagees.

Error to Clinton. (Smith, J.) Argued July 2, 1890. Decided October 10, 1890.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Fedewa & Lyon*, for appellant, contended:

1. The contract of purchase was, at the most, only *voidable* at the option of the defrauded party; citing *Galloway v. Holmes*, 1 Doug. 330; *Dunks v. Fuller*, 32 Mich. 242.
2. A demand was necessary, the assignee being entitled to a fair chance to investigate and surrender the goods; citing *Darling v. Tegler*, 30 Mich. 54; *Campbell v. Quackenbush*, 33 Id. 287; *Caldwell v. Pray*, 41 Id. 307; *Adams v. Wood*, 51 Id. 411.
3. Testimony as to conversations with the assignor after the assignment, and not in the presence or hearing of the defendant, should have been excluded; citing *Baldwin v. Buckland*, 11 Mich. 389; *Shipman v. Seymour*, 40 Id. 274.

*William H. Castel* (*Daboll & Brunson*, of counsel), for plaintiffs, contended for the doctrine stated in the opinion.

CAHILL, J. The plaintiffs brought replevin for a bill of goods claimed to have been purchased of them by one Visger with a fraudulent purpose and intention not to pay for them.

After purchasing the goods in September and October,

1887, Visger made an assignment November 3 following, under the statute, for the benefit of his creditors, to the defendant, Lyon. On the trial, the plaintiffs satisfied the jury that the goods were obtained by Visger by fraud, and had a verdict in their favor. Defendant brings error.

The main point relied on to reverse the judgment is that the circuit judge charged the jury that no demand was necessary before bringing suit. There was no error in this. Under the case made by the plaintiffs, the defendant's assignor, Visger, obtained possession of these goods by fraud, and it was not necessary for the plaintiffs to demand the goods of him before bringing replevin to recover them. *Trudo v. Anderson*, 10 Mich. 357; *Carl v. McGonigal*, 58 Id. 567 (25 N. W. Rep. 516); *Adams v. Wood*, 51 Id. 411 (16 N. W. Rep. 788). An assignee takes no better title to the property than the assignor had, and if no demand would have been necessary as against Visger before bringing suit, it would not be as against his assignee, who is not a purchaser for value. *Brown v. Brabb*, 67 Mich. 17 (34 N. W. Rep. 403); *Farwell v. Hanchett*, 120 Ill. 573 (11 N. E. Rep. 875).

Upon the trial, the plaintiffs were allowed to prove, by several witnesses, conversations had with Visger before and after the assignment, the purpose of which was to show his bad faith generally in the treatment of his creditors. This testimony was objected to, and error is assigned on its admission, on the ground that the conversations were not in the presence of the defendant, Lyon, and that he could not be bound by anything that Visger said after the assignment. This objection was not well taken when, as in this case, the statements related to matters that occurred before, or contemporaneous with, the assignment. The defendant was in the case acting only in a representative capacity. The right of plaintiffs to recover

did not depend upon defendant's conduct, but upon the conduct of Visger. It was competent to prove any act or statement of Visger tending to show a fraudulent purpose on his part in the purchase of the goods. His statements would not necessarily be conclusive on the assignee, but, in the absence of any showing to the contrary, he must be presumed to desire to support his own character for honesty, and any statement which impugned his character would be admissible as declarations or admissions against his interest.

It is urged that the admission of such testimony disregards a well-settled rule, that an assignor cannot be allowed, after the assignment, to invalidate the title of the assignee by his declarations; but this rule, so far as I have been able to find, is only to be invoked in aid of *bona fide* assignees for value. *Welch v. Manderille,* 1 Wheat. 233; *Hough v. Barton,* 20 Vt. 458; *Dazey v. Mills,* 5 Gilman, 67; *Hackett v. Martin,* 8 Greenl. 77; *Frear v. Evertson,* 20 Johns. 142. I am not in favor of extending the rule so as to exclude evidence of the statements and admissions of one who has made a general assignment for the benefit of creditors, under the circumstances of this case. *Hogan v. Sherman,* 5 Mich. 64, 65. What has been said applies to the testimony of Castel, Walsworth, Spaulding, and Gage.

It was shown that, just prior to the assignment, Visger had advertised extensively, claiming that he had received a large consignment of goods from Leland, Rice & Co., of Boston. He had a band out, and had a special sale, running through several days, during which he claimed to be selling goods at 50 cents on the dollar. It was also shown that a day or two before he made the assignment, Visger executed a chattel mortgage to Leland, Rice & Co., for $2,406.38. The plaintiffs thereupon called as a witness a Mr. Brainard, who testified that he had been

employed as a clerk by Visger during the last year, and over, that he had been in business. The witness was then asked the following question:

" What can you say about any goods being shipped or received,—shipped to or received by Mr. Visger from Leland, Rice & Co. during October or November?"

The question was objected to as incompetent and immaterial, but it was admitted. In answer, the witness said:

"He did; clothing. A small bill came by express. It did not weigh more than twenty pounds. The box contained an overcoat and a coat and vest; nothing more that I can remember."

This inquiry was proper. Visger had bought the goods in suit of plaintiffs in two bills; one small bill of $5.50, in September, 1887, and the balance of $218.96, October 8 following. At about the time plaintiffs' goods must have arrived, Visger began to advertise the arrival of goods from Leland, Rice & Co. in large amounts, and that they would be sold at half-price. If the goods so advertised were the plaintiffs', instead of Leland, Rice & Co.'s, it would be evidence of fraud that, within a month after their purchase, Visger was offering to sell the goods at a discount which would be ruinous to an honest tradesman. Besides, the question bore, although remotely, upon the *bona fides* of the $2,406.38 chattel mortgage, given by Visger to Leland, Rice & Co. a few days before the assignment, especially when taken in connection with Visger's testimony that he did not know how much he owed Leland, Rice & Co. What has been said covers all the points made against the judgment.

We discover no error, and the judgment will be affirmed, with costs.

The other Justices concurred.