No. 19,341.

THE CHICAGO LUMBER COMPANY, *Appellee,* v. FLOYD C. COX et al., *Appellants.*

SYLLABUS BY THE COURT.

1. FRAUDULENT CONVEYANCE—*Defrauding Creditors—Evidence.* The evidence examined and held sufficient to support a finding that a deed was executed for the purpose of defrauding creditors of the grantor, and that the grantee participated in the design.

2. TRIAL—*No Error.* Various rulings held not to constitute error.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed March 6, 1915. Affirmed.

*W. A. S. Bird,* and *S. L. Lashbrook,* both of Topeka, for the appellants.

*Clinton J. Evans,* and *Edwin L. O'Neil,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: The Chicago Lumber Company, a judgment creditor of Floyd C. Cox, brought an action seeking to subject to the payment of its claim real estate that had been deeded by Cox to his father-in-law, Henderson Long, upon the ground that the conveyance was made in fraud of creditors. A jury was impaneled which returned answers to special questions. Judgment was rendered for the plaintiff, and Cox and Long appeal.

There was direct evidence against Cox, by his own declarations, of his purpose to convey the property to his father-in-law for his own benefit, by reason of a threatened damage action, and of his treatment of it as his own after the execution of the deed. The principal controversy is whether any competent evidence to show that Long participated in the design was in-

troduced. The jury found that at the time of the execution of the deed Cox was indebted to Long in the sum of $1895, but they did not find that it was made in satisfaction of this debt, and they did find that it was made for the purpose of defrauding Cox's creditors. The evidence as to Long's intention in the matter was necessarily circumstantial. His relationship to Cox is to be taken into account in interpreting his conduct. (20 Cyc. 201.) There was evidence tending to show these facts: Prior to the execution of the deed to Long, Cox was negotiating with S. A. E. Moore for the sale of the property to him. About the time that Long received the deed, by mail, he also received from Cox what he called a blank deed, but which appears to have been a deed to Moore, which he executed and returned. Cox and Moore continued their negotiations and entered into a written agreement by the terms of which in exchange for a deed to the property in question from Long, Moore was to convey some western Kansas land to Cox. The deal contemplated the delivery by Moore of a deed to some Topeka property, the name of the grantee being blank. The building on the property in controversy at the time of the negotiations contained planing-mill machinery, and the contract between Moore and Cox seemed to contemplate its inclusion in the deal. Long testified that the deed to him excepted the machinery; that he understood Cox was keeping the machinery to put in a cheaper building; that he understood Moore was going to rent it from Cox; and that he understood that Moore was to give Cox a mortgage on it. He testified that before the deed was made to him he advertised that he wanted to trade the property for farm property, and that "the object was to get shut of the mill, or the house, and get some money out of it and may be get a less place to live in or less place to run the mill." He also tesfied:

"There was no reason against Mr. Cox deeding the property to Moore and Moore deeding to me or Mr.

Cox deeding it direct. There was no reason why the deed was made to me at that time. He had promised to deed it to me for a good while and had not done it. I don't know any reason why he could not have deeded the property directly to Mr. Moore, only he had promised to make it to me. Probably he thought he would do it in that way. The reason he made it that way is he promised to make it a good while before."

There was direct evidence that Cox regarded the conveyance to Long as a means of handling the property for his own benefit, and we think there was room for a reasonable inference that Long acquiesced in this view of the matter.

Complaint is made of the admission of various items of evidence on the ground that while they might have been competent as to Cox, they were not so as to Long. If they were competent for any purpose no error was committed in admitting them. The objector's remedy was to ask an instruction limiting their effect. (*Sweet v. Savings Bank*, 73 Kan. 47, 84 Pac. 542.) A special objection is made to rulings allowing evidence of declarations made by Cox after the execution of the deed to Long. The plaintiff contended that a design existed, common to Cox and Long, to delay and defraud creditors of Cox. If competent evidence was introduced tending to support that contention, the declaration of either relating to matters within the scope of such design, during its pendency, was admissible against the other. (16 Cyc. 999.) The plaintiff sought the enforcement of two judgments, one rendered in its favor, and another which had been assigned to it by L. D. Roose. The defendants object to proof of the assignment because it was not in writing. A transfer of a judgment may be effected by parol. (23 Cyc. 1416.) The judgments were rendered by a justice of the peace, abstracts being filed in the district court. The defendants objected to the admission of the abstracts on the ground that they had not been properly entered on the court dockets. The objection is untenable. The files

of an action for damages growing out of personal injuries, brought after the execution of the Long deed, were admitted. This and other evidence regarding the damage claim was pertinent as tending to show that the bringing of the action may have been anticipated. An attorney who acted for Cox and Moore in the preparation of a contract regarding the property in question was permitted to testify concerning their conversation. This was proper within the rule that communications under such circumstances are not privileged. (*Black v. Funk,* 93 Kan. 60, 143 Pac. 426; *Sparks v. Sparks,* 51 Kan. 195, 32 Pac. 892; 4 Wigmore on Evidence, § 2297.) Long was called as a witness by the plaintiff and asked a number of questions which were objected to on the ground that they amounted to cross-examination. No error was committed in this connection. The record shows that Cox was asked whether he was indebted to the plaintiff and Roose on the 28th of April, 1913, and answered that he was. The deed to Long was made on the 24th of April, 1913, and the defendants maintain that there is no evidence that the indebtedness referred to had then accrued. The 28th of April marked no step in the transactions involved. The questioner obviously intended to name the day on which the deed was made. No suggestion is made that in fact credit was extended to Cox after the 24th and the discrepancy in dates is not material.

The judgment is affirmed.