## JOHNSON v. LAGOW et al. (No. 1034—5223.)

Commission of Appeals of Texas, Section B.
March 20, 1929.

Shropshire & Bankhead, of Weatherford, and A. H. Kirby, of Fort Worth, for plaintiff in error.

Hood & Shadle, of Weatherford, and Ayres & Payne, of Floydada, for defendants in error.

LEDDY, J. Defendants in error brought this suit in the district court of Parker county against D. F. Minney and wife, Edna Minney, and W. M. Johnson, to recover the title and possession to 235 acres of land. It was alleged that the deeds under which plaintiff in error, W. M. Johnson, claims title to the tract of land were made for the purpose of defrauding, hindering, and delaying creditors of D. F. Minney, and were therefore void; that plaintiff in error, Johnson, paid no consideration for the land; and that the beneficial title to same was still in D. F. Minney, until July 25, 1925, at which time defendants in error became the owners thereof by reason of having purchased the same at execution sale made under and by virtue of a judgment owned by them against D. F. Minney. Minney and wife filed disclaimer, and the cause as between the parties hereto was tried to a jury.

The jury found, in answer to special issues, that the deed by which Minney conveyed this property to his wife, Edna Minney, as well as the deed from Minney and wife to Johnson, were made for the purpose of hindering, delaying, and defrauding Minney's creditors, and that at the time each of said transfers was made Johnson had full notice of such purpose or intention.

Based upon these findings, the court entered judgment for defendants in error for the land involved, and canceled the deed from Minney and wife to plaintiff in error, Johnson. This judgment was affirmed by the Court of Civil Appeals.

Plaintiff in error presents in this court but a single assignment of error, in which he complains of the action of the trial court in admitting in evidence, over his objection, certain declarations made by D. F. Minney, several months subsequent to the date of his deed to Johnson, to the effect that he still owned or claimed an interest in this land.

██ The general rule is thoroughly established that declarations of a vendor in derogation of the title conveyed, made subsequent to his conveyance, not in the presence of the vendee, are inadmissible. The reason of the rule is that when a vendor has parted with his property he has no more power by his acts or declarations to impress the title than a mere stranger. But there is a well-recognized exception to the general rule to the effect that: "When a fraudulent combination is established, the acts and declarations of any one of the parties thereto while engaged in the prosecution of the common design, may be proved against the others." Jones v. Simpson, 116 U. S. 609, 6 S. Ct. 538, 29 L. Ed. 742; Winchester & P. Mfg. Co. v. Creary, 116 U. S. 161, 6 S. Ct. 369, 29 L. Ed. 591; Shelley v. Nolen, 38 Tex. Civ. App. 343, 88 S. W. 524; Moore v. Robinson (Tex. Civ. App.) 75 S. W. 890; Thompson v. Rosenstein (Tex. Civ. App.) 67 S. W. 439.

Before such declarations are brought within the exception, it is essential that a foundation must be first laid by proof, sufficient, in the opinion of the court, to prima facie establish the existence of concert or collusion. The Court of Civil Appeals finds there was testimony, independent of the declarations of Minney, tending to show that a fraudulent combination existed between Johnson and Minney, the object of which was to prevent Minney's creditors from reaching the property involved, and the sufficiency of the evidence to sustain such finding is not challenged by plaintiff in error.

These parties were therefore shown to be jointly interested or at least had a privity of design, and were acting together in a transaction for their benefit, or the accomplishment of such purpose; hence the declaration of Minney was admissible against Johnson, even though made in his absence. Gifford v. Gifford, 58 Ind. App. 665, 107 N.

E. 308; Kóch v. Lyon, 82 Mich. 513, 46 N. W. 779.

Plaintiff in error concedes that where a conspiracy is shown, the declaration of one conspirator is admissible against the others, even though made in their absence, if such declaration is made during the pendency of the conspiracy and is fairly within the scope thereof. He insists, however, that the conspiracy here involved terminated when Minney conveyed the property to Johnson. We are not prepared to assent to this view. If Johnson and Minney entered into a conspiracy to conceal Minney's property from his creditors by placing it in Johnson's name, which there was evidence tending to show, the conspiracy had not terminated so long as Johnson held such title in his own name. Minney's declarations subsequent to his conveyance to Johnson were clearly within the scope of the object and purpose for which the conspiracy was formed. The conspiracy was a continuing one which the parties were engaged in carrying out at the time Minney's declarations were made; hence his declarations tending to show he was still interested in the property were admissible against Johnson, even though made in his absence. Chicago Lumber Co. v. Cox, 94 Kan. 563, 147 P. 67; Cox v. Vise, 50 Ark. 283, 7 S. W. 136; 22 C. J. 22, p. 366, § 438, and authorities there cited.

We therefore recommend an affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.