**WILLIAMS v. WILLIAMS.**

No. 4787.

Court of Civil Appeals of Texas. Amarillo.
July 10, 1937.

Monning & Akin, of Amarillo, for appellant.

W. E. Dameron, of Hereford, for appellee.

STOKES, Justice.

This suit was instituted by the appellee, E. R. Williams, Jr., in the district court of Deaf Smith county against the appellant, Lora Williams, in which appellee seeks in his own right to cancel and annul a deed executed by E. R. Williams, Sr., who was the father of appellee, conveying to appellant 320 acres of land in Castro county. The land was the separate property of E. R. Williams, Sr., and the

deed referred to was executed on the 12th of September, 1933. It was in the ordinary form of a warranty deed and recited as consideration the sum of $1 and love and affection. Appellant was the second wife of Williams, Sr., and the appellee is his son by a former marriage.

The grounds upon which cancellation of the deed is sought are that, as originally written, and when signed and acknowledged by Williams, Sr., the deed contained a clause, limiting the interest conveyed to a life estate, and, when filed for record a short time before the death of Williams, Sr., this clause had been eliminated or blotted out by the letter "x" having been run over it with a typewriter.

Appellee alleged that he was the only child and heir of Williams, Sr., who died on or about the 1st of October, 1933, and that the effect of the alteration of the deed was to change the life estate actually conveyed to an absolute conveyance in fee simple. He charged that the alteration was fraudulently made by the appellant or by one R. A. Walls, at her instance and request, and with her knowledge and consent, and without the knowledge or consent of the grantor. He further alleged undue influence and persuasion exercised over Williams, Sr., by appellant, and prayed for cancellation of the deed and for possession of the land.

Appellant answered by general demurrer, general denial, and specially denied that she ever, in any manner, altered the deed or that Walls acted as her agent in doing so, but alleged that about September 21, 1933, her husband, the grantor in the deed, procured R. A. Walls to blot out and eliminate the clause in the deed which limited the conveyance to a life estate, and that he did so because, after the deed was executed, and being in poor health and appreciative of her ministrations in his extended illness, he changed his mind, and that the alteration was made at his instance and request, and without her knowledge.

The case was tried before the court without the intervention of a jury, and the court overruled the general demurrer of appellant and found that the deed was altered in the manner above indicated after it was executed by the grantor, without his knowledge or consent, but at the instance and with the knowledge and consent of appellant, before it was filed for record in Castro county, and entered judgment, canceling and setting aside the deed, decreeing that appellant took no title and acquired no interest in the land by reason thereof.

The case is presented here upon three propositions, the first two of which assert, in substance, that the appellee, having brought the suit in his own right and as an heir of the estate within the four-year period allowed by law (Vernon's Ann.Civ.St. art. 3325) for administration upon the estate of the grantor, and having failed affirmatively to allege there was no administration pending upon his estate, and facts showing that no administration was necessary, failed to plead cause of action, and the trial court committed reversible error in overruling the general demurrer.

It will be noted the petition nowhere alleges that no administration was pending upon the estate of E. R. Williams, Sr., deceased, nor are any facts alleged showing that no administration was necessary. The prayer is for a cancellation of the deed to appellant, and that appellee have judgment for possession and writ of possession to the extent of his interest.

In the early case of Walker v. Abercrombie, 61 Tex. 69, the Supreme Court, through Justice Stayton, recognized the rule contended for by appellant and observed that there are cases in which the rights of a devisee or distributee may claim and doubtless would receive the aid of judicial process for the protection of his rights under such circumstances, if the property were likely to be wasted or destroyed, and that case is cited by appellee as judicial warrant for the action of the trial court in this case. In that case, however, it is stated that the property in controversy was community property in which Mrs. Abercrombie, as survivor of the community, had the right to protect her own interests and the interest of the community. It is stated that such cases stand on different grounds to those of one who claims solely a derivative right, and the court seems to have reached its ultimate conclusion upon that ground rather than upon the right of a distributee of an estate to maintain a suit for the property without a showing that no administration was pending and none was necessary. In a number of the earlier cases, exceptions to the rule have been recognized, but in the later decisions, the courts have shown a decided tendency to

adhere more strictly to the rule, and we think it may now be said that there are few, if any, exceptions to it. It may be that a case may yet arise wherein some of the exceptions would be recognized, but, if so, it is clear to our minds the instant case is not one of them. The rule is now well established in this state that before heirs, as such, can maintain a suit of this character within the period allowed by law for taking out of administration, they must plead and prove facts which entitle them to maintain it, and it must be alleged and established by the evidence, not only that no administration is pending, but that none is necessary. A pleading which fails affirmatively to allege these facts is subject to general demurrer, and the plaintiff, not only must properly allege such facts, but he cannot recover unless they are established by the evidence. Youngs v. Youngs (Tex.Com. App.) 26 S.W.(2d) 191; Id. (Tex.Civ. App.) 16 S.W.(2d) 426.

In the opinion of the Court of Civil Appeals in the cited case (16 S.W.(2d) 426), as well as in the opinion of the Supreme Court, many cases are cited supporting this holding. See, also, the recent opinion by this court in the case of Grupa et al. v. Grupa, 98 S.W.(2d) 217.

■ We conclude that, in overruling appellant's general demurrer, the trial court committed error for which the judgment must be reversed.

The first and second propositions of appellant are, therefore, sustained.

Under her sixth proposition, appellant complains of the action of the trial court in permitting the witness, W. H. Russell, to testify concerning a conversation which he had with appellant about the deed, upon the ground that the witness was, at the time of the conversation, attorney for appellant, and her statements detailed by him were privileged as being communications between attorney and client. The testimony shows that appellant consulted the witness, who was a practicing attorney, concerning some life insurance policies of her husband, and that, in these consultations, she asked the witness to prepare the deed, which he did, on the 11th of September. The next day the witness went to the home of appellant and her husband and had him sign the deed and took his acknowledgment to it. At that time the clause limiting the conveyance to a life estate was in the deed and had not been obliterated or blotted out. The witness testified that a short time after the deed was executed, appellant came to his office and asked him what would happen if the life limitation were crossed out of the deed and it was recorded, and he proceeded to detail the conversation had between them concerning the matter.

■ From the record before us, we are unable to determine whether the communication was privileged or not. Article 713 of the Code of Criminal Procedure provides that an attorney at law shall not disclose a communication made to him by his client during the existence of that relationship, nor disclose any other fact which comes to his knowledge by reason of such relationship. This provision is a statutory declaration of the common-law rule of evidence and applies to both criminal and civil cases. It applies during the existence of the relationship and also after it has ceased. Standard Fire Ins. Co. v. Smithhart, 183 Ky. 679, 211 S.W. 441, 5 A.L.R. 972; Cummings v. Commonwealth, 221 Ky. 301, 298 S.W. 943. The rule is absolute as to communications made with an attorney as to past transactions and offenses, but it does not apply to future transactions when the client is contemplating the commission of a crime or the perpetration of a fraud. The purpose of it is to secure to litigants free communication with their attorneys upon all matters involved in litigation and any other legitimate matters concerning which legal advice is desired. It extends to all matters concerning litigation or business transactions, whether pertinent to the matter in which the attorney was employed or not. But information given to an attorney or statements made to him with the purpose in mind of violating the law or being assisted in the commission of a crime is not privileged, and an attorney may divulge information given or statements made with the intent and purpose of violating the law or perpetrating a fraud without in any manner violating the rule. Ott v. State, 87 Tex.Cr.R. 382, 222 S.W. 261.

■ If one knowingly attempts to employ counsel for an illegal purpose, he is not entitled to the protection of secrecy; but if, without knowing the contemplated action is wrong, or if he has a doubt in that respect, he consults an attorney and procures his advice, and, then, upon being informed that his contemplated acts are

wrongful, he desists and does not carry them into execution, he is entitled to protection. These are matters for the court to determine upon the question of the admissibility of the testimony and if a prima facie case is made of contemplated fraud or criminal design, the testimony should be admitted over the objection; otherwise, objection to it should be sustained. Taylor v. Evans (Tex.Civ.App.) 29 S.W. 172; Atlanta Coca-Cola Bottling Co. v. Goss, 50 Ga.App. 637, 179 S.E. 420; Matthews v. Hoagland, 48 N.J.Eq. 455, 21 A. 1054; Clark v. U. S., 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993; Gebhardt v. Rys. Co. (Mo.Sup.) 220 S.W. 677, 9 A.L.R. 1076.

Under the seventh proposition, appellant assigns error of the trial court in admitting, over her objection, the testimony of the witness, Russell, concerning a conversation which took place between the witness and R. A. Walls, in which he stated Walls detailed to him some facts concerning a portion of the land involved, to the effect that Walls had received a portion of it for his participation in the alteration of the deed. Under the record before us at this time, we think appellant's objection to this testimony should have been sustained. It was hearsay and not admissible for the reason that it had not been shown, except by Walls' statement to the witness, that any conspiracy existed between Walls and appellant concerning the alteration of the deed. The rule in this respect is that the acts and declarations of co-conspirators are admissible against each other where a prima facie case of fraud is established, though they were not made in the presence of the party affected thereby. Johnson v. Lagow (Tex.Com.App.) 14 S.W.(2d) 818, Id. (Tex.Civ.App.) 6 S.W.(2d) 383, and authorities there cited. As far as we can ascertain from the record in this case, no witness testified to any fact which would establish a conspiracy. If such were shown by the evidence, it is only by the statement made by Walls, himself, to the witness, and this would not be sufficient to make a prima facie case. Until such a case is made, the testimony is hearsay, and if upon another trial, it is not established prima facie that there was an agreement existing between appellant and Walls that he would alter the deed for her, and that she was a party to the transaction, this testimony should not be admitted. If such be established, the testimony would not be excluded because the statement was made by Walls after the relationship had ceased, because, if the conspiracy was entered into, it was not terminated so long as appellant holds the property under the deed affected by the conspiracy. Johnson v. Lagow (Tex.Com.App.) 14 S.W. (2d) 818.

It follows from what we have said that, in our opinion, reversible error was committed by the trial court in the respects mentioned, and the judgment is, therefore, reversed and the cause remanded.