KATHERINE E. KEMPF *et al.* V. WILLIAM KOPPA *et al.*
No. 14,670.   (85 Pac. 806.)

SYLLABUS BY THE COURT.

1. INSANE PERSONS—*Proof of Insanity.* A wide range of testimony is allowed in cases involving mental capacity, and, as a general rule, any and all conduct of the one whose sanity is in question is admissible in evidence.

2. ———— *Opinion Testimony as to Mental Condition.* An unprofessional witness, who has had adequate opportunities to observe the conduct, declarations and appearance of a person alleged to be insane, is competent to form and express an opinion as to the mental condition of such person.

3. ———— *Non-expert Witness Held Qualified.* The qualifications of a witness examined, and it is *held*, that his opportunities and powers of observation were such as to make his opinion admissible.

Error from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed June 9, 1906. Affirmed.

*Jackson & Jackson*, and *Means & Archer*, for plaintiffs in error.

*Waggener, Doster & Orr*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: Christian Deuhn and Cecelia Deuhn, who were advanced in years, entered into a contract with William Koppa by which they conveyed

to him a tract of land, the consideration being that he should assume and pay a mortgage on the land and should pay to them $400 per year during their lifetime, or pay that amount during the lifetime of either of them. The Deuhns had no children, and after both had died some of their heirs brought this suit, attacking the validity of the deed and contract upon the ground that at the time of their execution Mrs. Deuhn was mentally incapable and did not understand the nature and effect of her acts. In trying this issue the court called a jury and submitted to them the single question, "Was Cecelia Deuhn, on the 19th day of November, 1903, at the time said contract and deed were made and executed, mentally competent to know and understand the business or transaction in which she was engaged when making said contract and deed?" To this question an affirmative answer was made. The court took the same view of the facts and found that Mrs. Deuhn was sane and capable when she executed the instruments, and accordingly gave judgment against the plaintiffs.

The principal question presented here arises on the ruling permitting J. P. Adams to express an opinion as to the mental capacity of Mrs. Deuhn. The witness is an attorney who had an acquaintance with the Deuhns and had transacted business for them. When the condition of Mrs. Deuhn's mind became a question Adams visited and conversed with her, observed her acts, declarations and manner, and later expressed the opinion in court that she was mentally capable. In addition he testified as to her conversation with him and her conduct in his presence. A wide range of testimony is allowed in cases where mental capacity is in question. It is a general rule that any and all conduct of the person is admissible in evidence. (1 Wig. Ev. § 228.) About the time of the execution of the deed in question the witness was with Mrs. Deuhn at dinner and talked with her about two hours. He related her conversation with him and testified in regard to her acts and statements at that time, as well as on other occasions when

she was in town and called on him at his office. All
this was competent testimony, and at the same time it
served to show the opportunity which the witness had
had to observe and judge of Mrs. Deuhn's mental con-
dition.

An unprofessional observer is competent to form a
judgment and express an opinion on the sanity or in-
sanity of one he knows. A fundamental qualification
is that the witness shall have had adequate opportuni-
ties of observing the conduct, declarations and ap-
pearance of the person whose sanity is in question.
The weight and force of the testimony will depend
upon the extent of the opportunity, as well as the
power and habits of observation possessed by the wit-
ness, and a consideration of all the circumstances under
which his opinion was formed. The courts do not
undertake to lay down a definite rule as to how closely
the witness must have observed the person whose
sanity is the subject of inquiry in order to be qualified
as a witness, as even a casual observer may discover
mental manifestations that would make his testimony
valuable. Whether there is a fair basis for an opinion
by a witness must be left largely to the trial court; and
the jury, taking note of the opportunity and powers of
observation of the witness, must then decide what
weight and effect shall be given to his opinion. (*Baugh-
man v. Baughman,* 32 Kan. 538, 4 Pac. 1003; *The State
v. Beuerman,* 59 Kan. 586, 53 Pac. 874; *Grimshaw v.
Kent,* 67 Kan. 463, 73 Pac. 92.)

The visit of Adams to the home of Mrs. Deuhn, his
conversation with her after his attention had been
called to her mental condition, and his study of her
mental manifestations at that time and on other oc-
casions, warranted him in giving his judgment as to
her mental condition.

The contention that he formed his opinion from what
he learned from others and not from personal observa-
tion is not justified by the record. He expressly stated
that he formed his opinion from his observation of,

and experience with, her. Incidentally he did state that he had conversed with some of her neighbors' at the time of his visit, but when pressed for the basis of his opinion he said that it had been formed from his conversation with her.

Other errors are assigned, but they were not argued and hence are not entitled to consideration. The judgment is affirmed.

All the Justices concurring.