[No. 12084. Department Two. May 29, 1915.]

HILLYARD LUMBER COMPANY, *Appellant*, v. J. E. CODD *et al.*, *Respondents*.[1]

MECHANICS' LIENS—NOTICE TO OWNER—STATUTE—SUFFICIENCY OF EVIDENCE. Under 3 Rem. & Bal. Code, § 1133, providing that every person furnishing material or supplies to be used in the construction of a building shall, within five days after such material or supplies are delivered to any person or contractor, "deliver or mail" to the owner a duplicate statement of all such materials, compliance with the requirement of mailing notice is inferentially established by testimony of plaintiff's secretary that, while he could not swear positively that the street address had been placed upon the envelope, he believed it was, basing his opinion on the fact that, on the carbon copy of the notice of statement in evidence, he had made a memorandum "Mail to E. 525 Sinto, Spokane," which he thought he must have done at the time he wrote the address on the envelope; since, in the absence of conflicting evidence, the question is, what is the inference to be drawn from the undisputed testimony.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered October 31, 1913, upon find-

[1]Reported in 149 Pac. 30.

ings in favor of the defendants, in an action to foreclose mechanics' liens, tried to the court. Reversed.

*C. C. Upton,* for appellant.

*Codd, Hutchinson & Codd, Danson, Williams & Danson* (*George D. Lantz,* of counsel), for respondents.

MAIN, J.—The Spokane Hardwood Floor Company and others instituted this action against the defendants for the purpose of foreclosing certain mechanics' and materialmen's liens upon lot 2, block 22, Second Sinto addition to Spokane. The appellant not being made a party, came into the action by filing a complaint in intervention wherein it sought to foreclose its lien for lumber and materials furnished and used in the erection of a dwelling house upon the above described premises. The amount of its claim was $1,035.01, with interest from November 29, 1912, together with the expenses of preparing and filing its lien, and an attorney's fee and costs.

The complaint is in the usual form, and alleges the giving of notice to the defendants as owners of the premises, in the manner required by law, that it was furnishing the materials for which a lien is claimed. The defendants answered, denying the principal allegations of the complaint. Upon the issues thus made, the cause was tried to the court without a jury. The principal controversy was over the question of the giving of notice by the intervener to the defendants, as required by the statute, that it had commenced to deliver materials upon the premises of the defendants.

Albert M. Orr, the secretary and treasurer of the intervener, testified that the notice was mailed on July 18, 1912; that the bookkeeper on that date had commenced to make out the notice by filling in the usual blank form with the date and "J. E. Codd, Spokane, Wn.," but not having the description of the real estate, did not complete the notice; that he, Orr, afterwards procured the lot and block numbers, and

completed the notice by filling in the blanks and signing it, a carbon copy of which was introduced in evidence; that the original was placed in an envelope upon which the postage was prepaid, addressed to J. E. Codd, Spokane, Washington, and mailed at the post office in Hillyard, Washington. As to whether the street address where the defendant J. E. Codd was then residing was upon the envelope at the time it was mailed, Mr. Orr, in substance, testified that he could not swear positively that this number (East 525 Sinto Avenue) was upon the envelope, but that he believed it was; that he had no independent recollection upon the subject, but based his opinion upon the fact that, on the carbon copy of the notice introduced in evidence, he had made a memorandum in these words: "Mail to E. 525 Sinto, Spokane." Upon cross-examination, with reference to the making of this memorandum, the respondents elicited the following:

"Q. Did you write this after you sent the other one or did you write it before? A. I could not say as to that; I think I wrote it perhaps the same time that I wrote the address on the envelope—just made a note on it so I would know where it went to. Q. When you were making up the notice, didn't you look up the address of this man and write it on your notice slip? A. I don't recollect where I got the address, but it is evidently on the envelope or else I would not have put it on the bottom there, but I don't know whether it was on the original of that or not. Q. Well, do you know whether it was on the envelope then or not? A. I could not swear positively it is, no, but then I would not have any reason to put it down there if I had not had it on the envelope."

The defendant, J. E. Codd, testifying in his own behalf, denied that he received the notice. His wife did not testify at all. J. W. Codd, the brother of J. E. Codd, testified that he had resided at this number from June to November 30, 1912, and had never seen any such notice, and had never heard J. E. Codd or his wife mention having received it. The evidence does not show that there was no other person re-

siding at E. 525 Sinto avenue into whose possession the letter might have come. J. E. Codd admitted having received the notices of all the other lien claimants to the action.

The court found, among other things, in substance, that the notice was mailed by the intervener on July 18, 1912; "that the envelope . . . was addressed to J. E. Codd, Spokane, Washington;" that J. E. Codd was on this date residing at E. 525 Sinto avenue, in Spokane, which fact was known to the intervener at the time of mailing the notice, and that this address of J. E. Codd was so given in the city directory for 1912. The court concluded that the intervener was not entitled to a lien for any amount upon the real estate mentioned, and entered a judgment against the intervener and in favor of the defendants for costs, and releasing and discharging the real estate from its lien. The intervener has appealed.

The controlling question in this case is whether the trial court in concluding that the envelope did not contain the street and number, drew a proper inference from the undisputed testimony. The statute relative to the giving of notice, 3 Rem. & Bal. Code, § 1133, provides that every person furnishing material or supplies to be used in the construction of a building shall, within five days after such material or supplies are delivered to any person or contractor, "deliver or mail" to the owner, or reputed owner, of the property, on, upon or about which said materials or supplies are to be used, a duplicate statement of all such materials or supplies delivered to any contractor or person to whom any such materials or supplies have been sold or delivered, and no materialmen's lien shall be filed or enforced unless the provisions of this act have been complied with. It is not claimed that if the envelope had upon it the street and number it would not conform to the statutory requirement. While the witness Orr did not testify unequivocally and positively that he placed upon the envelope the street and number prior to the time he mailed it, yet we think this is the only reasonable

inference to be drawn from his testimony. The duplicate copy of the notice, which was introduced in evidence, shows a memorandum in pencil of the street and number. The only purpose of acquiring this data was to make use of it in addressing the envelope. Had the witness testified directly that he did place the street and number upon the envelope, this testimony could not have been disputed by any one. The witness was apparently entirely candid; and mere suspicion that the street and number were not placed upon the envelope should not overcome the proper inference to be drawn from such testimony. The statute only requires that notice shall be delivered or "mailed to the owner." This is not a case where the trial court has made a finding upon conflicting evidence, but the question presented is, what is the reasonable inference to be drawn from the undisputed testimony?

Whether an envelope containing a notice, addressed without street and number thereon, would be a sufficient compliance with the statute in a city the size of Spokane need not now be determined. This record is silent as to what would be the reasonable probability of a letter in that city addressed to a person, reaching him, when the envelope did not have upon it the street and number.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment in favor of the intervener.

ELLIS, CROW, and MOUNT, JJ., concur.

FULLERTON, J. (concurring)—I think an envelope addressed as this one was found to be addressed by the court was a sufficient compliance with the statute. I therefore concur in the result.