[No. 12581.  Department One.  June 26, 1915.]

## EHRLICH-HARRISON COMPANY, *Appellant*, v. E. E. CUSHMAN *et al.*, *Respondents.*[1]

APPEAL — DECISIONS REVIEWABLE — CESSATION OF CONTROVERSY — PAYMENT OF COSTS. Upon appeal by a nonresident plaintiff from a judgment of dismissal, with costs to defendant, the deposit in court of sufficient money to cover the costs, for the sole purpose of protecting the plaintiff's sureties upon a nonresident bond that he had been compelled to furnish, is not a voluntary payment working a cessation or waiver of the appeal.

MECHANICS' LIENS—MATERIALS—NOTICE TO OWNER—SUFFICIENCY— STATUTES. 3 Rem. & Bal. Code, § 1133, providing that materialmen shall serve notice upon the owner stating "in substance and effect . . . that a lien may be claimed" for materials furnished to the contractor, is sufficiently complied with by a notice of the furnishing of materials, reciting:  "Complying with the lien laws of the state of Washington"; 2 Id., § 1147, requiring a liberal construction of the lien laws.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered April 23, 1914, dismissing an action to foreclose a materialman's lien, tried to the court. Reversed.

*W. W. Keyes*, for appellant.

*Boyle, Brockway & Boyle, Blackburn & Gielens*, and *Williamson, Williamson & Freeman*, for respondents.

MOUNT, J.—This action was brought to foreclose a materialman's lien for materials furnished in the construction of a dwelling house for the defendants Cushman and wife. The case was tried to the court.  At the conclusion thereof, the court was of the opinion that the notice given to the defendants Cushman and wife was insufficient, and for that reason dismissed the action.  The plaintiff has appealed.

Respondents move to dismiss the appeal for the reason that the judgment appealed from has been voluntarily paid

[1] Reported in 149 Pac. 708.

by the appellant. It appears that the plaintiff is a non-resident of Pierce county, where the action was instituted. The defendants filed a motion requiring the plaintiff to give a nonresident cost bond. The plaintiff complied with this motion and filed a bond for costs. After the judgment of dismissal, the plaintiff, in order to protect the sureties upon the cost bond, deposited with the clerk of the court sufficient money to cover the judgment for costs. Thereafter the defendants withdrew this money from the clerk, and now contend that the payment of this money to the clerk was a voluntary payment of the judgment. We think there is no merit in this contention, because it appears that the sole object of depositing this money was to protect the sureties upon the cost bond from harassment upon an execution. The appellant was not required to supersede the judgment, and did not intend to satisfy the judgment pending the appeal. Nor did it intend to waive its right of appeal, which was being timely prosecuted. The motion to dismiss is therefore denied.

It appears that the respondents Cushman and wife let a contract to the respondent C. H. Hallen to construct a dwelling house in the city of Tacoma. Thereafter Hallen sublet a portion of the work to the respondents Linck & Larson, who ordered certain material from the appellant to be used, and which was used, in the construction of the dwelling. At the time of the first order by Linck & Larson for materials from the appellant, the appellant sent a statement or notice to Mr. Cushman, as follows:

"Ehrlich-Harrison Co., Dealers in Hardwood Lumber, Maple and Oak Flooring. Cor. R. R. Avenue and Connecticut Street. Seattle, Wash., Jan. 16, 1913.

"Sold to Linck & Larson, So. 30 & Prospect St., Tacoma, Wn.—For Judge E. E. Cushman—Residence."

Then follows an itemized statement of the material furnished and the prices. Continuing, the notice says: "Complying with the lien laws of the state of Washington." It is

conceded that this notice was received by Mr. Cushman. A copy thereof was also mailed to Linck & Larson. Thereafter, and within the required time, the appellant filed a lien upon the building, and this action was afterward brought to fore-close the lien.

The statute, 3 Rem. & Bal. Code, § 1133, provides:

"Every person, firm or corporation furnishing materials or supplies to be used in the construction, alteration or re-pair of any . . . building . . . shall, not later than five (5) days after the date of the first delivery of such materials or supplies to any contractor or agent, deliver or mail to the owner or the reputed owner of the property on, upon, or about which such materials or supplies are to be used, a notice in writing, stating in substance and effect that such person, firm or corporation has commenced to de-liver materials and supplies for use thereon, with the name of the contractor or agent ordering the same, and that a lien may be claimed for all materials and supplies furnished by such person, firm or corporation for use thereon; and no further notice to the owner shall be necessary. No material-men's lien shall be enforced unless the provisions of this act have been complied with."

The trial court was of the opinion that the above stated notice did not inform the respondent Cushman that the ap-pellant intended to file a lien upon the property. It cannot be reasonably concluded that any other intention can be ob-tained from the notice. The sole object of the words in the notice, "Complying with the lien laws of the state of Wash-ington," was to indicate that the notice was given for the purpose of showing that the material had been furnished to the agent of the owner, with the idea that if the bill was not paid, a lien would be filed under the laws of the state. Any person receiving such a notice would immediately con-clude that the notice was given for the purpose of complying with the statute. The statute does not require a particular form, but says: "A notice in writing, *stating in substance and effect* that such person, firm or corporation has com-menced to deliver materials and supplies," and that a lien

may be claimed therefor. Rem. & Bal. Code, § 1147 provides :

"The provisions of law relating to liens created by this chapter, and all proceedings thereunder, shall be liberally construed with a view to effect their objects."

See, also, *Cornelius v. Washington Steam Laundry*, 52 Wash. 272, 100 Pac. 727; *Hillyard Lumber Co. v. Codd*, 85 Wash. 612, 149 Pac. 30.

It is apparent that this notice was sufficient to place the owner of the building upon notice, which is the object of the statute.. It is no doubt true that ordinarily the provisions for statutory liens must be strictly followed. But where the statute does not prescribe a form, and where it provides that a notice stating in substance and effect that a lien may be claimed when a notice is given which would inform an ordinarily prudent man what the claimant intended to do, is sufficient. We are satisfied, therefore, that the trial court erred in holding that this notice was not sufficient.

It is argued by the respondents that the appellant did not prove that the material was furnished for use in a dwelling situated upon the property on which the foreclosure is sought. The trial court was evidently of the opinion that there was sufficient proof of this fact, and we are satisfied that the court was right in that respect.

The respondents Cushman also contend that, since this is a trial here *de novo*, the judgment, if reversed, should be so worded as to protect their rights against the contractor Hallen. It is apparent from the record here that a judgment should be entered by the trial court as prayed for in the complaint in favor of the appellant. No such judgment has yet been entered. It is not necessary in this opinion to direct the particulars of the judgment. That may be safely left to the trial court. If the respondent Hallen is liable to the Cushmans for the amount of the judgment upon this foreclosure, the trial court will no doubt enter such a decree.

For the reasons hereinbefore stated, the judgment is reversed, and the cause remanded for a judgment in favor of the appellant.

MORRIS, C. J., CHADWICK, HOLCOMB, and PARKER, JJ., concur.