No. 21,385.

THOMAS BREEN et al., *Appellees*, v. MARGARET BREEN, *Appellant.*

### SYLLABUS BY THE COURT.

HOMESTEAD—*Occupied by Widow Alone—Not Subject to Partition.* A homestead occupied by a childless testator and his wife at the time of his death, and thereafter occupied by the widow, who elects to take under the law rather than under the will, cannot be partitioned without her consent at the suit of collateral heirs who were never members of the testator's family.

Appeal from Clay district court; FRED R. SMITH, judge. Opinion filed April 6, 1918. Reversed.

*W. S. Roark,* of Junction City, *C. Vincent Jones,* of Clay Center, *Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellant.

*F. L. Williams, Willaim M. Beall,* both of Clay Center, and *James L. Hogin,* of Kansas City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from the judgment of the trial court sustaining a demurrer to the defendant's answer and cross petition. The litigation arose over the estate of Thomas Breen, deceased, and two appeals have already been taken to this court upon certain phases of the contest. (*Breen v. Davies,* 94 Kan. 474, 146 Pac. 1147; *Breen v. Davies,* 99

Breen v. Breen.

Kan. 110, 160 Pac. 997.)   The present action was brought by the devisees of the deceased against his widow, Margaret Breen, to recover their share of the estate of the decedent and to have it partitioned among the heirs.   One-half of all the real estate of the deceased was devised to plaintiffs, who are the two brothers, a sister, a nephew, a niece, and a cousin of the deceased, and all of them residents and citizens of Ireland, and the other half was given to his wife, the defendant.   Part of the land in controversy was a tract of about seventy acres which was the homestead of the deceased and his wife, who had no children, and it is still occupied by his widow.   The defendant concedes the plaintiffs' interest in and right to a partition of all of the land involved except the homestead, and contends that as she had continuously occupied it since her husband's death and has no intention to abandon it or live elsewhere it remains a homestead and is not subject to partition.   Defendant also alleged that she had duly elected in the probate court to take under the law and not under the will, and that she had never consented to any attempt on the part of the deceased to divest himself or her of the homestead right in this particular property.   When the trial court sustained the demurrer to defendant's cross petition and held the homestead to be subject to partition defendant elected to stand upon her cross petition, and the court gave judgment awarding the plaintiffs their respective shares and directing a partition of all the lands of the estate.

The only question involved in this appeal is:   May a homestead occupied by a childless testator and his wife at the time of his death, and thereafter occupied by his widow, who elects to take under the law rather than under the will, be partitioned at the suit of collateral heirs who were never members of the testator's family?   We must look to the constitution and the statutes for an answer to the question.   Under the constitution the homestead is a grant to the family, and within the meaning of the grant the surviving spouse, although without children, is to be regarded as the family of the deceased owner and entitled to hold the homestead exempt from forced sale under any process of law.   The grant has been enlarged to some extent by the statute of descents and distributions, which provides that the homestead which con-

tinues to be occupied by the family after the death of the owner shall be wholly exempt from distribution under any of the laws of the state, as well as from the debts of the intestate, and shall also be the absolute property of the widow and children. (Gen. Stat. 1915, § 3825.) It has already been determined that the homestead privilege is not terminated by the death of the owner, but persists in favor of the family, even though it may consist of but a single person, and that the surviving wife, although the sole occupant, is entitled to the shelter of the home and benefit of the exemption as fully as it was enjoyed by her husband and herself before his death. (*Cross v. Benson*, 68 Kan. 495, 75 Pac. 558; *Weaver v. Bank*, 76 Kan. 540, 94 Pac. 273; *Sawin v. Osborn*, 87 Kan. 828, 126 Pac. 1074.)

The statute of wills provides that "any married person having no children may devise one-half of his or her property to other persons than the husband or wife." (Gen. Stat. 1915, § 11791.) But the widow of the testator, having elected to take under the law and not under the will, is entitled to all the privileges accorded by the statute of descents and distributions, the same as if her husband had died intestate. (Gen. Stat. 1915, § 11798.) By that statute, the family of the deceased owner—the widow and children, and if no children then the widow—occupying the homestead is entitled to hold it absolutely free from distribution under any of the laws of the state. Plaintiffs contend that the constitutional exemption applies only while the owner is living; that the devolution of title is a matter of statutory regulation; and that upon the death of the owner, leaving a will, the rights of the family are to be determined by the statute of wills. It is true that the transfer of title and the distribution of the estate of a deceased person are controlled by the statute, and not by the constitutional guaranty of exemption, but it has been expressly held that the constitutional exemption does not end with the death of the owner, but continues as long as the family occupies it as a residence. To sustain plaintiffs' contention as to the duration of the homestead right, it has been said that it would be "to engraft upon the words of the constitution, 'shall be exempted from forced sale under any process of law,' the alien phrase 'during the

lifetime of the owner whose family occupies it.' The constitution itself forbears to express any such limitation. Such an interpretation can scarcely be made in a document which enumerates its own exceptions and prescribes its own limitations, and much less should it be undertaken when the result would be to abridge the scope and curtail the benignant power of a remedial charter." (*Cross v. Benson,* supra, p. 503.) The constitutional guaranty does not undertake to control the transmission of title to property, neither is it restricted by the statutes regulating the transfer of title, for to whomsoever the title of the property may go, and whether it goes by descent or by will, the homestead right continues as long as the family occupies the home as a residence. The contention that the owner having disposed of his property by will the homestead right ends as to the property devised to the plaintiff, and that the rule limiting the distribution of homesteads prescribed in the statute of descents and distribution does not apply, cannot be upheld, since the statute of wills itself provides that if the widow elects to take under the law her rights will be the same as if her husband had died intestate. The widow having availed herself of this privilege and taken under the law, we must look to the statute of descents and distributions to ascertain her rights as against the claims of the plaintiffs. That statute, as we have seen, reaffirms and extends the exemption given by the constitution. But for that statute the homestead guaranty would have remained indefinitely in the family of the owner occupying the house, wholly exempt from debts and from distribution. If authority exists for terminating the homestead right and for distribution of the homestead property, it must be found in the statute. It is provided, as we have seen, that the homestead shall be exempt from the payment of debts and from distribution during its occupancy by the widow and children. The design of the law is that the homestead entire is to be enjoyed by the widow and children constituting the family, and if the owner left no children, the widow is to continue in its enjoyment, and if children were left and no widow, the children are entitled to it. (Gen. Stat. 1915, § 3827.) The conditions upon which a division or distribution of the homestead may be made have been expressly enumer-

ated by the legislature, and those are: if the widow marries again, or the children of the family arrive at the age of majority; and, of course, it may be ended by abandonment. (Gen. Stat. 1915, § 3828.) If the widow is the only constituent of the family, as in this case, there can be no distribution without consent, unless the widow ends the family relation by another marriage. The court went to the limit in *Towle v. Towle*, 81 Kan. 675, 107 Pac. 228, in holding that the homestead of the widow might be partitioned when all of the children reached majority. This holding was based upon the theory that the homestead privilege given by the constitution was one extended to the family of the intestate, and was intended as much for the benefit of the children who constituted a part of the family as it was for the widow, and that, therefore, the homestead might be divided among them when the youngest child arrived at the age of majority. The logic of the case is that the legislature, looking to the welfare of the children as well as the widow, provided for a division of the property among the members of the family. Those who are outside of the family do not come within the terms of the statute authorizing distribution and have no right to claim the privileges and benefits conferred upon members of the family. The plaintiffs, who are collateral heirs, have never lived in the home of the owner, and, indeed, they have never been citizens or residents of this country. The homestead right should not be disturbed, nor should there be any interference with its enjoyment through a division or distribution, unless it is expressly provided by statute. Authority has been granted to divide the homestead among members of the family, but nothing in the law suggests that strangers to the family circle can break up the home and obtain a division of the property so long as its homestead character is preserved and it is occupied by the family of the deceased as a home. In this case the widow constitutes the entire family of the owner, she has never married, nor has she done anything to divest her of the homestead privilege. As was said in *Voelz and wife v. Voelz and others*, 88 Wis. 461,

"Our laws have thrown around the homestead every necessary protection for the humane and beneficent use for which it was designed, and no such exception by which the widow could be divested of it is found in the statute. It would require positive legislation to subject

the widow's homestead to the uncertain tenure of the capricious action of the heirs, whenever they might wish to have a partition or sale of the lands of the estate. There is not only no such provision, but, as we have seen, the statutes and the nature of the homestead right preclude any such interference with it." (p. 464.)

(See, also, *Keyes v. Hill,* 30 Vt. 759.)

It must be held that a homestead occupied by a childless testator and his wife at the time of his death, and thereafter occupied by his widow, who elects to take under the law rather than under the will, cannot be partitioned without consent, at the suit of collateral heirs who were never members of the testator's family.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of the defendant.