No. 22,338.

J. T. FITZGERALD, *Plaintiff*, v. THE GRAIN BELT REALTY COMPANY et al., *Defendants*. (M. E. SILVIUS AND NORA SILVIUS, *Appellees*, BENTON & HOPKINS INVESTMENT COMPANY, *Appellant*.)

#### SYLLABUS BY THE COURT.

1. MORTGAGES—*Application for Loan—Mortgage Executed—Mortagor Failed to Accept Loan—Validity of Mortgage.* A prospective borrower made written application to an investment company, in which he appointed it as his attorney in fact to procure a loan for him. Thereafter, he executed to that company a mortgage for the amount asked and also what was called a commission mortgage. *Held*, that the transaction amounted to a negotiation for a direct loan from the company; the additional mortgage was for a part of the interest, and was not rendered invalid on the theory of the company having acted in the dual capacity of lender and agent to procure a loan from itself.

2. SAME—*Invalid Mortgage.* In the situation above stated, the borrower failed to accept the loan and the deal fell through. *Held*, that, while the company might have maintained an action against him for damages for breach of contract, it could not recover upon the commission mortgage as such.

Appeal from Thomas district court; CHARLES I. SPARKS, judge. Opinion filed January 10, 1920. Affirmed.

*R. W. Hemphill, Robert W. Hemphill, jr.*, and *A. C. T. Geiger*, of Oberlin, for the appellant.

*E. H. Benson*, and *R. H. Garvey*, both of Colby, for the appellees.

The opinion of the court was delivered by

MASON, J.: On July 27, 1915, M. E. Silvius made application to the Benton & Hopkins Investment Company for five loans, aggregating $8,250, on various tracts of land owned by him.

On the acceptance of the application he executed to the company mortgages for that amount, due in five years and bearing interest at 6 per cent per annum. He also executed to the company an additional or "commission" mortgage for $1,230, due January 1, 1917, drawing interest at 10 per cent per annum from its maturity. The purpose of the transaction, which may be spoken of as a single loan, was to enable Silvius to pay off an existing mortgage indebtedness against the property for some $11,000. The deal fell through because he failed to raise the additional amount which was necessary in order to provide for the release of the original mortgage. On November 5, 1917, J. T. Fitzgerald, the owner of that mortgage, brought an action for its foreclosure, making the investment company a party because the mortgages executed to it had been recorded and not released. The company filed an answer, in which it claimed a right of recovery upon the commission mortgage on the ground that this was to have been its compensation for negotiating the loan; that it had fully performed its part under the agreement; and that the deal had been abandoned solely through the fault of Silvius. Judgment was rendered against the company, and it appeals, the only question involved being with respect to the validity of its claim.

1. The trial court gave as a reason for holding that the commission mortgage was void that it was without valid consideration, the application having been made direct to the company, which could not act in the dual capacity of lender and agent to procure the loan from itself. This reasoning, if sound, would seem to require the commission mortgage to be held invalid even if the loan had been made. We regard it as unsound for the reason that the commission mortgage was not in fact the compensation paid or agreed to be paid by Silvius to the investment company for its services as his agent in finding some one to make him the loan. He made a written application to the company for the loan, in the course of which he appointed it as his attorney in fact to procure it, agreeing to pay it a reasonable sum if he should refuse to take it. This language indicates the creation of the relation of principal and agent in one aspect of the matter, but with a specific provision for payment *quantum meruit* in case services were performed and not accepted. When Silvius executed to the company

mortgages for the amount he desired, together with the so-called commission mortgage, the transaction plainly took on the character of a negotiation for a direct loan between the parties. The arrangement was the familiar one adapted to the sale of the principal mortgage as a first lien, the original mortgagee retaining the other as its share of the profit, commonly spoken of as a commission, although perhaps better described by the term bonus, but by whatever name designated being in reality a part of the interest, and valid unless usurious. (39 Cyc. 971, 972; *Lynn v. McCue,* 94 Kan. 761, 773, 147 Pac. 808.)

2. While this view of the relations of the parties would have rendered the $1,230 mortgage enforceable if the money had been lent, it does not serve the investment company so far as this case is concerned. As no loan was in fact made, no interest was earned, and none of the mortgages executed by Silvius to the company became an existing obligation. The evidence showed a failure on the part of Silvius to carry out a contract he had made to accept the loan. Doubtless, in a proper action, the company would have been entitled to recover any damages it thereby suffered. But here it pleaded nothing but its note and mortgage, and asked recovery on no other theory than that the writings signed by Silvius had become effective as such. It was therefore properly denied relief, and the fact that the reason given for the ruling does not meet the approval of this court affords no ground for reversal. (*Saylor v. Crooker,* 97 Kan. 624, 156 Pac. 737.)

The judgment is affirmed.