No. 23,145.

ALVIN CAMPBELL et al., *Appellants*, v. ERNESTINA DURANT, *Appellee.*

### SYLLABUS BY THE COURT.

1. HOMESTEAD—*Occupied by Widow—Not Subject to Partition—Rents and Profits Belong to Widow.* Devisees of a part of a testator's homestead who are not members of the testator's family cannot demand partition nor are they entitled to any share of the rents and profits of the homestead so long as the testator's widow who claimed her rights under the law rather than under the will chooses to occupy the premises as a homestead and does nothing to terminate her right to such occupancy—following *Breen v. Breen,* 102 Kan. 766, 173 Pac. 2.

2. WILL—*Devise Upon Conditions—Conditions Must Be Performed.* A devise of land upon condition that the devisee shall erect a tombstone at the grave of the testator passes title to the devisee subject to defeasance for nonperformance of the condition subsequent; and such condition must be performed within a reasonable time.

3. PLEADINGS—*Petition by Devisees Claiming Share of Personalty Not Demurrable.* A petition by plaintiff devisees claiming seven-sixteenths of a testator's personal estate against the testator's widow who withheld it from them is not demurrable because another devisee to whom one-sixteenth of the personalty was devised was not made a party to the action.

4. WILLS—*Personal Property. Not Needed to Pay Debts Subject to Division as Per Devises.* Where undivided personal property is devised to plaintiffs and the same is withheld by the testator's widow, together with her own share thereof, and the property is not required to satisfy charges upon the testator's estate, the plaintiffs may maintain an action against the widow for their share of the property and for division or distribution thereof, and it is immaterial whether the administrator is made a party to such action or not.

5. PLEADING AND PRACTICE—*Demurrers—Misjoinder.* Where certain causes of action are ruled out on demurrer thereto, and only one cause of action remains, the latter is not necessarily defective for misjoinder with the causes which had already succumbed to the demurrer.

6. ACTION TO RECOVER PERSONAL PROPERTY—*Delay Caused by Defendant—Defendant May Not Invoke Statute of Limitations.* Where a defendant provoked successive actions to resist the probate of her husband's will, and to contest its validity, in which actions she was defeated, she cannot invoke the statute of limitations against the beneficiaries under the will in an action by them promptly begun against her after the conclusion of such litigation for their share of the property of the testator withheld by her during the pendency of the earlier litigation.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed December 10, 1921. Affirmed in part and reversed in part.

*F. W. Sturges,* of Concordia, *W. D. Vance,* and *R. E. McTaggart,* both. of Belleville, for the appellants.

*Park B. Pulsifer, Charles L. Hunt,* and *Clyde L. Short,* all of Concordia, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an action for possession and partition of certain real and personal property brought by certain beneficiaries and heirs of a beneficiary under the will of one Thomas J. Durant against the widow of the testator.

In the will of Thomas, one-half of his personal property was bequeathed to his widow, the defendant, Ernestina Durant, and the remaining half was bequeathed to be divided in eight equal parts among the seven plaintiffs herein who were the children of a brother of the testator's first wife and one Charles Durant, a child of the testator's own brother.

The real estate of the testator consisted of a homestead farm of 160 acres, the north eighty acres of which, containing the family domicile and improvements, was devised to the widow, and the south eighty acres was devised to Charles A. Campbell (now deceased), father of the seven plaintiffs.

Thomas died in 1909. The widow, Ernestina Durant, after an unsuccessful resistance to the probate of the will (*Durant v. Durant*, 89 Kan. 347, 131 Pac. 613), and an unsuccessful contest of its validity (*Durant v. Whitcher*, 97 Kan. 603, 156 Pac. 739), declined to take under its terms and stood on her rights under the law.

Plaintiffs' petition sets out at length these pertinent matters, and sets up four causes of action for plaintiffs' share of the real estate and for the rents thereof, and a fifth cause of action touching the plaintiffs' share of the personal property, in which they plead that the defendant held possession of the personalty during the years 1909 to 1913 while the litigation over the probate of the will was pending, and thereafter when an administrator (Whitcher) was appointed in July, 1913, she refused the administrator's demand for the possession of the property, and litigated with him the validity of the will during the years 1913 to 1916, until the termination of that litigation. The petition further alleges that "said administrator finding no property of said estate which he could get into his possession did and has done nothing further in reference thereto nor has he been discharged."

Under count I the plaintiffs ask for a judicial determination that they have a legal and equitable estate in the eighty acres devised to their father, Charles A. Campbell. Under count II they ask for rents and profits on the eighty acres claimed in count I. In count

III they ask, if they cannot recover under count I, that it be determined that they have a legal and equitable estate in an undivided half interest in the entire 160 acres. Count IV is a demand for rents and profits in harmony with their claim under count III. Count V relates to plaintiffs' rights to the personal property. Under these counts plaintiffs demand possession and partition—including partition of the homestead.

After the petition was amended to include everything which bore any apparent relation to the matters in controversy, defendant lodged six demurrers thereto, which the court sustained on several grounds, but it may shorten discussion to go right to the heart of this controversy. Counsel for appellants concede that the case of *Breen v. Breen,* 102 Kan. 766, 173 Pac. 2, is against their claim of present right to possession and partition of the homestead.

It is; and the court is altogether satisfied with the law as therein declared. Salient excerpts therefrom read:

"The statute of wills provides that 'any married person having no children may devise one-half of his or her property to other persons than the husband or wife.' (Gen. Stat. 1915, § 11791.) But the widow of the testator, having elected to take under the law and not under the will, is entitled to all the privileges accorded by the statute of descents and distributions, the same as if her husband had died intestate. (Gen. Stat. 1915, § 11798.) By that statute, the family of the deceased owner—the widow and children, and if no children then the widow—occupying the homestead is entitled to hold it absolutely free from distribution under any of the laws of the state. . . . The constitutional guaranty does not undertake to control the transmission of title to property, neither is it restricted by the statutes regulating the transfer of title, for to whomsoever the title of the property may go, and whether it goes by descent or by will, the homestead right continues as long as the family occupies the home as a residence. The contention that the owner having disposed of his property by will the homestead right ends as to the property devised to the plaintiff, and that the rule limiting the distribution of homesteads prescribed in the statute of descents and distribution does not apply, cannot be upheld, since the statute of wills itself provides that if the widow elects to take under the law her rights [occupancy] will be the same as if her husband had died intestate. . . . The design of the law is that the homestead entire is to be enjoyed by the widow and children constituting the family, and if the owner left no children, the widow is to continue in its enjoyment, and if children were left and no widow, the children are entitled to it. (Gen. Stat. 1915, § 3827.) The conditions upon which a division or distribution of the homestead may be made have been expressly enumerated by the legislature, and those are: if the widow marries again, or the children of the family arrive at the age of majority; and, of course, it may be ended by abandonment. (Gen. Stat. 1915, § 3828.) If the widow is the only constituent of the family, as in this case, there can be no distribution without

Campbell v. Durant.

consent, unless the widow ends the family relation by another marriage. . . . Those who are outside of the family do not come within the terms of the statute authorizing distribution and have no right to claim the privileges and benefits conferred upon members of the family. . . . But nothing in the law suggests that strangers to the family circle can break up the home and obtain a division of the property so long as its homestead character is preserved and it is occupied by the family of the deceased as a home." (pp. 768, 769, 770.)

This disposes of the first four causes of action. Plaintiffs at this time are neither entitled to possession of the eighty acres devised to them, nor to an undivided half of the entire quarter section. Neither are they entitled to rents and profits. Rents and profits are incidents to the right of full occupancy and enjoyment of the entire homestead by the defendant so long as she uses the property as a homestead and neither marries nor alienates her right of ownership in half the property nor her right of occupancy in all of it.

The plaintiffs have no title of any sort to the north eighty acres.. It was never devised to them or their father. They do have title to all or part of the eighty acres devised to them. That is to say, if the other half of the property is equal in value to or greater in value than the eighty acres devised to plaintiffs' ancestor that devise will stand intact. If the north eighty acres, out of which the widow's statutory share of the property is to be carved, is less valuable than the eighty acres devised to plaintiffs' father, then the latter devise will have to be diminished by moving the division line of the quarter section southwards until a point is reached where the value of the two portions of the quarter section will be equal. And when the time comes, in the course of nature, or by the widow's marriage, or by her abandonment of the homestead, the plaintiffs or their heirs or assigns will be able to assert their right of possession to the property devised to them, or to such portion of it as shall be left after the widow's legal right to a full half of her dead husband's property is secured and set apart to her. Till then the plaintiffs have merely a legal title; they cannot have possession, nor partition, nor rents and profits, because any such concession to them would be in violation of the widow's right of occupancy and enjoyment of the family homestead. (*Breen v. Breen,* supra.)

There is also a minor matter, not now controlling, but which will require the attention and compliance of plaintiffs before their title to the real property devised to them will be free from possible defeasance. It was devised to their father, Charles A. Campbell, upon

condition that a $250 tombstone be placed by the beneficiary at the testator's grave. Necessarily this is a condition subsequent, because title passed to plaintiffs' father at the moment of the testator's death, and the tombstone could not be erected at the testator's grave until later. The condition, however, must be met, and that, too, within a reasonable time, otherwise plaintiffs' title will be subject to defeasance at the suit of the testator's heirs. (1 Cooley's Blackstone, 3d ed., Book II, p. 154; 12 C. J. 410; 1 Rawle's Bouvier, 581.)

The court sees no necessity of analyzing the many and various grounds of objection to the first four causes of action which were presented in the *six separate demurrers* filed to plaintiffs' amended petition. Within the limits of the matters considered above, the judgment thereon is correct. (*Saylor v. Crooker*, 97 Kan. 624, 629, 156 Pac. 737; *Fitzgerald v. Realty Co.*, 106 Kan. 54, 56, 186 Pac. 739.)

Touching the fifth cause of action for recovery of plaintiffs' share of the personal property, it does not seem that the plaintiffs' failure to bring in their cobeneficiary, Charles Durant, can defeat their right thereto. Certainly their petition was not bad on demurrer because Charles Durant was not made a party. (Civ. Code, § 93; *Yount v. Hoover*, 95 Kan. 752, 755, 149 Pac. 708.) Plaintiffs are entitled to seven-eighths of one-half (seven-sixteenths) of the testator's personalty, and may sue the party who withholds it from them whether another who also has an interest likewise withheld can be induced to join in the action or can be served with summons or not.

There is no showing here that the personalty involved in this action was required for the payment of the testator's debts. The defendant, not the administrator, holds it under a claim of title thereto. The administrator had a right to take possession of so much of the nonexempt personalty as would serve to pay any claims against the estate, but beyond that he could have no claim on the personalty bequeathed to plaintiffs. If my friend dies and bequeaths to me his white horse, that horse belongs to me, not to the administrator—unless he needs it to pay my dead friend's debts. Defendant has no better claim to possession of all the undivided personal property than the plaintiffs. Her right to one-half and plaintiffs' right to seven-sixteenths are equal. The defendant cannot shelter herself behind the administrator while at the same time

Campbell v. Durant.

she repudiates and denies the right of the administrator. If the necessities of the testator's estate should require—as apparently they do not—the administrator could prevail over both plaintiffs and defendant; but since defendant holds the personalty, and the plaintiffs' right to a share thereof can no longer be denied, the defendant must account to plaintiffs for their share, and if practicable the personalty may be divided, and if not, it may be distributed according to the general principles of equity. (*Beardsley v. Gas Co.*, 78 Kan. 571, 574, 575, 96 Pac. 859.) The administrator may yet be brought into this action if his presence is deemed necessary. The failure to bring him in hitherto gave no ground for demurrer.

Since the first four causes of action which plaintiffs attempted to state were all disposed of on demurrer there can be no valid objection to the fifth cause of action on the ground of misjoinder. Even if one or more of the other causes of action could still be maintained, and if the objection of misjoinder of the fifth cause of action therewith were good, none of the causes of action would necessarily abate; they would merely be segregated and proceed separately.

"Misjoinder of causes of action furnishes a sufficient reason for a severance.

.    .    .    .    .    .    .    .    .    .    .    .    .

"Upon a severance all the incidents of the original action attach to the separate actions into which it is divided." (8 Cyc. 612, 613.)

It is urged by appellee that the statute of limitations is a bar to this fifth cause of action. Not so, however. The time which elapsed between the death of the testator in 1909 and the commencement of this action in 1916 is accounted for by long-drawn-out litigation provoked by defendant over the probating and the contest of the will. The pendency of that litigation prevented the plaintiffs from enforcing their rights against the defendant (25 Cyc. 1278), and this action was begun in ample time upon the termination of the litigation over the will.

"A court of equity will not permit a party to rely on the interval of time during which he has himself stayed his creditor, in order to set up the statute of limitations." (*Baylee v. Browne,* 10 Ir. Eq. 180, syl.)

It follows that the demurrers to the first four causes of action were properly sustained, and the demurrer to the fifth cause of action should have been overruled. The cause will be remanded with instructions to set aside the ruling on the demurrer to the fifth cause of action, and for further proceedings in accordance herewith.

It is so ordered.