No. 33,806

ADELE (YORDY) PARKS, *Appellant,* v. OTTO TUFFLI, *Appellee;* GOTT-LIEB YORDY, LOUIS YORDY, DAN YORDY, JAMES YORDY; and ALEX HEDERSTEDT and LOUIS YORDY, as Executors of the Last Will and Testament of Lillie Tuffli, Deceased, *Appellants.*

(80 P. 2d 1062)

Opinion filed July 9, 1938.

*David Ritchie, C. L. Clark, C. W. Burch, B. I. Litowich, La Rue Royce, L. E. Clevenger, E. S. Hampton* and *R. E. Haggart,* all of Salina, for the appellants.

*John J. McCurdy,* of Lincoln, *Samuel E. Bartlett* and *Brewster Bartlett,* both of Ellsworth, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: Lillie Tuffli, who was seized and possessed of 160 acres of land in Lincoln county, died testate on April 25, 1937. At her death she left surviving her husband, Otto Tuffli, and no issue.

By her last will, dated February 1, 1936, she devised and bequeathed to her husband, Otto Tuffli, one half of her property. The other one half she devised to her four brothers and one sister, share and share alike.

The surviving husband elected to take under the law.

On August 7, 1937, Adele (Yordy) Parks, a sister and one of the devisees in the will of Lillie Tuffli, alleging that she was entitled to an undivided one-tenth interest, brought an action asking for partition of the 160 acres of land owned by Lillie Tuffli at her death. The defendants in the suit were Otto Tuffli, the surviving husband, and the brothers of the plaintiff.

To this petition the defendant Otto Tuffli filed an answer, in which it was alleged that he was the surviving husband of Lillie Tuffli, deceased; that the plaintiff Adele Parks and the defendants Gottlieb, Louis, Dan and James Yordy are not and never have been members of the family of Lillie Tuffli, deceased, but are the sister and brothers of the testatrix. It was further alleged that at the time of her death, and for a long time prior thereto, Lillie Tuffli and her husband continuously occupied the land in question as their homestead; that said land, consisting of 160 acres, was not within the limits of any incorporated city; that this defendant is the sole heir and surviving husband of Lillie Tuffli; that he has remained unmarried and has continuously occupied the said land in question as his homestead; that he has no intention to abandon it or live elsewhere, and the land remains his homestead and is not subject to partition.

To the answer plaintiff filed a demurrer on the ground that the part of the answer above summarized did not state facts sufficient to constitute a defense to the cause of action alleged in the petition.

The demurrer was overruled, and plaintiff appeals.

As shown above, the defendant alleged that the land was occupied by Lillie Tuffli as her homestead at the time of her death.

In determining the sufficiency of the answer on the demurrer, the matters therein that are well pleaded are admitted to be true.

The precise question before us is whether a homestead occupied by a childless woman and her husband at the time of her death,

and thereafter occupied by her surviving husband, and who elects to take under the law instead of under the will of his deceased wife, may be partitioned without his consent at the suit of collateral heirs and devisees who were never members of the family of the deceased testatrix.

In *Breen v. Breen*, 102 Kan. 766, 173 Pac. 2, the syllabus reads as follows:

"A homestead occupied by a childless testator and his wife at the time of his death, and thereafter occupied by the widow, who elects to take under the law rather than under the will, cannot be partitioned without her consent at the suit of collateral heirs who were never members of the testator's family."

*Breen v. Breen* was followed in *Campbell v. Durant*, 110 Kan. 30, 202 Pac. 841, and is the settled law of this state. In the two cases just mentioned the owner of the homestead was the husband; in the instant case the owner was the wife. Under our law, G. S. 1935, 22-127, the husband of a deceased wife has all the rights that are given the widow of a deceased husband.

Plaintiff argues that under the provision of the constitution as to homesteads, our statutes and certain of the decisions of this court, we should no longer follow the rule laid down in *Breen v. Breen*. We have examined the very able brief with attention.

In *Foreman v. Foreman*, 251 N. Y. 237, 240, 167 N. E. 428, Cardozo, Ch. J., speaking of the construction placed upon a statute, used the following language:

". . . Criticism of the rule as involving a partial repeal of the prohibition of the statute is heard from time to time in commentary and treatise. Whatever force the criticism may have had while the rule was in the making has vanished with the years. By long acquiescence, the exception, if such it be, has wrought itself by construction into the body of the statute as if written there from the beginning. . . ."

For twenty years the rule announced in *Breen v. Breen* has been accepted by the bench and bar as the law of this state. We do not think it should be departed from at this late date. The point is at rest, and the action of the court in overruling the demurrer to the answer of Otto Tuffli must be sustained.

A cross appeal in the case must be considered. The brothers of the plaintiff, being the defendants Gottlieb, Louis, Dan and James Yordy, filed an answer and cross petition in the original action. The first count, in effect, adopts plaintiff's petition. The second count charged that Lillie Tuffli, before her marriage to the defendant

Otto, owned the land in question in fee simple. At the date of the marriage Otto was 37 years of age and Lillie 53. Before the marriage Otto was a wandering farm hand, without money or property. After the marriage he became indolent, shiftless and worthless. Then follows a recital of cruel and abusive treatment leading to a divorce proceeding brought by Lillie, to which Otto made no appearance. Before the divorce case was tried and a decree secured, Lillie died. The remaining portion of the cross petition seems to be an argument that under the constitution and laws of Kansas the cross petitioners are entitled to partition.

From this document it is clear these suitors look upon Otto as a worthless vagabond, deeply afflicted with moral ·turpitude, and that they are entitled to some form of relief against his claims. The petitioners, however, neglect to suggest any known form of equitable relief that is available to them. Otto may belong to the sans-culotte tribe, but it is not denied that he is a surviving husband of the deceased owner of the homestead. His rights attach by virtue of that relationship.

A motion to strike specified portions of the cross petition was sustained. We think this action of the court was correct.

Finding no error in the record, the judgment is affirmed.